LAW OFFICES OF BRANDON A. BLOCK
A PROFESSIONAL CORPORATION
BRANDON A. BLOCK (Cal. Bar No. 215888)
*brandon@bblocklaw.com*
433 North Camden Drive, Suite 600
Beverly Hills, California 90210
Telephone: 310.887.1440
Facsimile: 310.496.1420

Attorneys for Plaintiff
JAYSON HAMILTON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAYSON HAMILTON,<br><br>         Plaintiff,<br><br>         vs.<br><br>SANTANDER CONSUMER USA, INC., an Illinois corporation; SOLID SOLUTIONS 24/7, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>         Defendants. | CASE NO. 5:19-cv-1618<br><br>**COMPLAINT FOR:**<br><br>**(1) VIOLATIONS OF CALIFORNIA'S REES-LEVERING AUTOMOBILE SALES FINANCE ACT;**<br>**(2) VIOLATIONS OF CALIFORNIA'S ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT;**<br>**(3) VIOLATIONS OF THE CONSUMER CREDIT REPORTING AGENCIES ACT;**<br>**(4) VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT; AND**<br>**(5) CONVERSION**<br><br>JURY TRIAL DEMANDED |

COMPLAINT

Plaintiff Jayson Hamilton alleges against defendants Santander Consumer USA, Inc., Solid Solutions 24/7, Inc. and Does 1 through 25 as follows:

## JURISDICTION AND VENUE

1.     The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k), and supplemental jurisdiction of the state law claims alleged herein pursuant to 28 U.S.C. § 1367.

2.     Venue is proper in the Central District in that, among other things, a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this District.

## PARTIES

3.     Plaintiff is an individual over the age of 18, a resident of San Bernardino County and a citizen of California.

4.     Defendant Santander is an Illinois corporation with its principal place of business in Dallas, Texas. Santander is engaged in the business of providing financing to purchasers of motor vehicles under conditional sales contracts and/or servicing such contracts. Santander does regular and continuous business in California.

5.     Defendant Solid Solutions is a California corporation with its principal place of business in Vallejo, California. Solid Solutions is a "repossession agency", as defined in California Business and Professions Code § 7500.2.

6.     Plaintiff does not know the true names, identities, and capacities of the Doe defendants sued herein, and therefore sues those defendants by fictitious names. Plaintiff will amend this Complaint to allege the true names, identities and capacities of the Doe defendants when plaintiff discovers such information.

7.     At all times mentioned herein, defendants were agents and/or employees of each other and were acting within the course and scope of such agency or employment. Defendants are jointly and severally liable to plaintiff.

## OPERATIVE FACTS

8.      Plaintiff purchased a motor vehicle on credit for personal, family or household purposes from a car dealership in Ontario, California, pursuant to a conditional sale contract, as defined and regulated by the Rees-Levering Automobile Sales Finance Act, Cal. Civ. Code §§ 2981, et seq. ("Rees-Levering Act"). The dealership assigned the contract to Santander.

9.      Santander hired defendant Solid Solutions to conduct the nonjudicial ("self-help") repossession of plaintiffs' vehicle. On or about November 14, 2018, Solid Solutions completed the repossession by entering private property in Upland, California which was secured by a locked gate and fence, without permission. Accordingly, Solid Solution breached the peace in conducting the repossession of plaintiff's vehicle, in violation of California Commercial Code § 9609 and the Collateral Recovery Act, Bus. & Prof. Code § 7508.2(d).

10.     On or about November 14, 2018, Santander issued a Notice of Intention to Dispose of Motor Vehicle ("Statutory Notice") to plaintiff, a copy of which is attached hereto as Exhibit 1.

11.     The Rees-Levering Act imposes mandatory and strict requirements upon holders of contracts, such as Santander, following repossession or voluntary surrender of vehicles. In particular, the Rees-Levering Act requires the seller or holder to issue a detailed written notice of intention to dispose of a vehicle (i.e., a Statutory Notice) to a buyer following repossession or surrender of his or her vehicle. Civil Code § 2983.2 specifies the precise information and disclosures that must be included in the Statutory Notice in order to comply with the law. Absent strict compliance with the mandatory requirements for the Statutory Notice, a seller or holder of a conditional sale contract may not collect a deficiency from any person liable under a contract following disposition of a repossessed or surrendered vehicle. See Cal. Civ. Code §§ 2983.2(a) and 2983.8.

12.     The Statutory Notice that Santander issued to plaintiff was defective and violated the Rees-Levering Act in at least the following ways:

a.      In violation of Civil Code §§ 2983.2(a)(1), (a)(2) and (a)(5), the Statutory Notice stated that plaintiff was required to make a payment to a third-party storage facility ("Solid Solutions 24/7-Ontario") in order to reinstate his contract or redeem his vehicle, but the Statutory Notice failed to state the amount that had to be paid to that facility.

b.      In violation of Civil Code §§ 2983.2(a)(2) and (a)(5), the Statutory Notice stated that plaintiff would have to make "Payment(s) to come due" and "Each late charge" as conditions of reinstatement. But the Statutory Notice did not state (i) the amount of the "Payment(s) to come due" or "Each late charge" (they were not $0.00, as stated in the Statutory Notice), (ii) the due date for each late charge, or (iii) the name and address of the person or office to whom any "Payment(s) to come due" and "Each late charge" was to be made.

c.      In violation of Civil Code § 2983.2(a)(1) and (a)(2), the Statutory Notice failed to separately itemize all repossession fees and charges, because it disclosed a combined "Storage/Admin. Fee" of $150 payable to Santander, without separating the amount of the storage fees from the amount of the "admin" fees. Plaintiff also is informed and believes that Santander did not actually incur any "storage" or "admin" fee in connection with the surrender of plaintiff's vehicle, and paying this amount was not an allowed condition of reinstatement under the Rees-Levering Act. See Cal. Civ. Code § 2983.3(d)(1).

d.      In violation of Civil Code § 2983.2(a)(3), the Statutory Notice did not include the proper form for requesting an extension of the reinstatement and redemption periods because it was not limited to the extension request, and spaces for plaintiff to sign and date the form. The form in the Statutory Notice improperly required plaintiff to fill in a name and address for delivery of the form, and his name and account number. Moreover, the form did not contain instructions that the

3

Statutory Notice must be sent to a person or office and address designated by Santander.

      e.      In violation of Civil Code §§ 2983.2(a)(1) and (a)(5), the Statutory Notice failed to itemize the amount of interest plaintiff needed to pay to redeem his vehicle, and it failed to disclose the name and address of the person or office to whom the interest payment had to be made. The Statutory Notice merely stated that plaintiff had to pay "[i]nterest on the unpaid principal at the annual percentage rate of 26.51%."

      f.      In violation of Civil Code §§ 2983.2(a)(1), (a)(2) and (a)(5), the Statutory Notice failed to disclose multiple repossession fees and charges payable by plaintiff to the auto auction upon redeeming or reinstating, if he reinstated or redeemed after the auction had taken possession of the vehicle. Those fees and charges included, but are not limited to, storage fees, transportation fees, reconditioning fees, an administrative sale fee, DMV printout fee, mechanical work charges, and a general administration fee. The Statutory Notice also failed to disclose the payment address for the auto auction(s).

13.     On or about October 15, 2018, plaintiff telephoned Santander about reinstating his contract. Plaintiff told Santander's agent that he would like to pay the amount necessary to reinstate his contract. In response, Santander's agent falsely represented to plaintiff that he could not reinstate, and plaintiff had to pay the entire balance on his account to get his car back.

14.     As a result of Santander's unlawful conduct in providing a defective Statutory Notice and verbally misrepresenting that plaintiff did not have the right to reinstate his contract, Santander deprived plaintiff of his rights to reinstate his contract or redeem his vehicle, and it may not lawfully seek or collect any deficiency balance from plaintiff. See Cal. Civ. Code §§ 2983.2(a) and 2983.8. Nevertheless, after the auction of sale of plaintiff's vehicle, Santander has demanded in writing that plaintiff pay Santander a deficiency balance of at least $9,175.83, and

4

plaintiff is informed and believes, and based thereon alleges, that Santander has falsely reported to credit reporting agencies that plaintiff owes a deficiency balance of at least that amount on a charged off account.

### FIRST CLAIM FOR RELIEF

**(Against Santander and the Doe Defendants for Violations of the Rees-Levering Act)**

15.    Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

16.    As alleged herein, the Rees-Levering Act regulates automobile sale and financing transactions for motor vehicles purchased primarily for personal or family purposes. The conditional sale contract entered into by plaintiff is subject to and governed by the provisions of the Rees-Levering Act. Each of the defendants is or was a "seller" or "holder" of the contract, as those terms are used in the statute.

17.    Defendants violated the Rees-Levering Act in that the Statutory Notice provided to plaintiff, ostensibly pursuant to Civil Code § 2983.2, did not contain the disclosures and information required by Civil Code § 2983.2(a). Defendants thus deprived plaintiff of substantial rights granted to him under the Rees-Levering Act, including the right to make an informed decision about whether to reinstate his contract or redeem his vehicle. Defendants also violated the Rees-Levering Act by verbally denying plaintiff the right of reinstatement. Plaintiff is not liable under the explicit terms of Civil Code §§ 2983.2(a) and 2983.8 for any deficiency following the disposition of his surrendered motor vehicle. Nevertheless, without any legal right to do so, defendants have demanded that plaintiff owe them a deficiency balance, as alleged herein.

18.    As a direct and proximate result of defendants' violations of the Rees-Levering Act, plaintiff has suffered actual damages in an amount to be proven at trial.

19.     Plaintiff seeks recovery of his attorney's fees, costs and expenses incurred in the investigation, filing and prosecution of this action.

WHEREFORE, plaintiff prays for relief as set forth below.

### SECOND CLAIM FOR RELIEF

**(Against Santander and the Doe Defendants for Violations of the Rosenthal Fair Debt Collection Practices Act)**

20.     Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

21.     The Legislature has found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Civ. Code § 1788.1(a)(2). The Legislature thus enacted the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. ("Rosenthal Act"), to ensure the integrity of our banking and credit industry. Id., § 1788.1(b).

22.     Plaintiff is a "debtor" within the meaning of Civil Code § 1788.2(h) in that he is a natural person from whom defendants sought to collect a "consumer debt" (i.e., money, property or their equivalent) alleged to be due and owing. Defendants at all times relevant herein were "debt collectors" within the meaning of Civil Code § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, engage in acts and practices in connection with the collection of "consumer debt". The purported debt defendants attempted to collect from plaintiff is a "consumer debt" within the meaning of Civil Code § 1788.2(f). Defendants engaged in acts or practices in connection with the collection of money, property or their equivalent which was alleged to be due and owing to Santander, by reason of a consumer credit transaction entered into with plaintiff.

23.     Civil Code § 1788.17 provides that debt collectors subject to the Rosenthal Act collecting or attempting to collect a consumer debt must comply with

6

the provisions of 15 U.S.C. §§ 1692b to 1692j, inclusive, of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"). Section 1788.17 further provides that debt collectors subject to the Rosenthal Act are subject to the remedies in § 1692k of the FDCPA.

24.     Defendants false represented to plaintiff that he could not reinstate his contract. Defendants made false representations to plaintiff that he owed a debt, and the amount and legal status of the alleged debt, by sending plaintiff a demand letter in which defendants stated that plaintiff owed a deficiency balance, and which demanded payment on a non-existent deficiency balance. Defendants' conduct violated 15 U.S.C. § 1692e, including § 1692e(2), incorporated into the Rosenthal Act at Civil Code § 1788.17.

25.     As a proximate result of defendants' violations of the Rosenthal Act, plaintiff has been damaged in amounts that are subject to proof.

26.     Plaintiff is entitled to recover his actual damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

27.     Defendants' violations of the Rosenthal Act were willful and knowing. Among other things, defendants repeatedly have been sued for the same post-repossession notice violations of the Rosenthal Act. Plaintiff is entitled to recover statutory damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), or in the alternative, Civil Code § 1788.30(b).

28.     Plaintiff is entitled to recover his attorney's fees and costs pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil Code § 1788.30(c).

WHEREFORE, plaintiff prays for relief as set forth below.

COMPLAINT

## **THIRD CLAIM FOR RELIEF**

**(Against Santander and the Doe Defendants for Violations of the Consumer Credit Reporting Agencies Act, Civil Code § 1785.25(a))**

29.     Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

30.     Plaintiff is informed and believes, and based thereon alleges, that defendants violated Civil Code § 1785.25(a) by furnishing information on a specific transaction or experience to a consumer credit reporting agency when they knew or should have known that such information was incomplete or inaccurate. Defendants knew that plaintiff owed no deficiency balance on his account, due to defendants' violations of the Rees-Levering Act. However, as to plaintiff, he is informed and believes, and based thereon alleges, that defendants have reported a charge-off and a deficiency balance on plaintiff's account to the credit reporting agencies, after the sale of plaintiff's vehicle.

31.     Plaintiff has suffered actual damages as a result of defendants' unlawful acts.

32.     Defendants' violations of the Consumer Credit Reporting Agencies Act were negligent, entitling plaintiff to recover actual damages pursuant to Civil Code § 1785.31.

33.     Defendants' violations of the Consumer Credit Reporting Agencies Act were willful, entitling plaintiff to recover punitive damages of up to $5,000 for each month of unlawful credit reporting, under Civil Code § 1785.31(a)(1)(B).

34.     Plaintiff is entitled to any other relief the court deems proper, including a declaration that he does not owe any debt, pursuant to Civil Code § 1785.31(a)(2)(C).

35.     Plaintiff has been aggrieved by defendants' violations described herein, and seeks injunctive relief pursuant to Civil Code § 1785.31(b) commanding defendants to permanently delete their credit reporting tradeline from plaintiff's

8

credit reports.

36.    Plaintiff is entitled to an award of his attorney's fees and costs pursuant to Civil Code § 1785.31(d).

WHEREFORE, plaintiff prays for relief as set forth below.

## FOURTH CLAIM FOR RELIEF

**(Against Solid Solutions and the Doe Defendants for Violations of the FDCPA)**

37.    Plaintiff realleges and incorporates herein by reference each and every paragraph set forth above.

38.    Congress has found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," and that "[a]busive debt collectors contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Thus, Congress enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." Id., § 1692(e).

39.    Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) in that he is a natural person obligated or allegedly obligated to pay a "debt".

40.    Defendants are "debt collectors" within the meaning of 15 U.S.C. § 1692a(6) in that they are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

41.    The purported debt which defendants attempted to collect from plaintiff is a "debt" within the meaning of 15 U.S.C. § 1692a(5). Defendants sought to enforce a security interest related to plaintiff's obligation or alleged obligation to pay money to Santander, arising out of a transaction in which the property which was the subject of the transaction (plaintiff's vehicle) was primarily for personal,

family or household purposes.

42.     Defendants violated 15 U.S.C. § 1692f(6) of the FDCPA by taking nonjudicial action to effect dispossession or disablement of property when there was no present right to possession of the property claimed as collateral through an enforceable security interest. Defendants had no present right to repossess plaintiff's in breach of the peace, but did so in violation of California Commercial Code § 9609(b)(2).

43.     As a direct and proximate result of defendants' violations of the FDCPA, plaintiff has been damaged in amounts which are subject to proof.

44.     Plaintiff is entitled to recover his actual damages pursuant to 15 U.S.C. § 1692k(a)(1).

45.     Plaintiff is entitled to recover statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A).

46.     Plaintiff is entitled to recover his attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

WHEREFORE, plaintiff prays for relief as set forth below.

## FIFTH CLAIM FOR RELIEF

**(Against Solid Solutions and the Doe Defendants for Violations of the Rosenthal Act)**

47.     Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

48.     Defendants at all times relevant herein were "debt collectors" within the meaning of Civil Code § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, engage in acts and practices in connection with the collection of "consumer debt". The purported debt defendants attempted to collect from plaintiff is a "consumer debt" within the meaning of Civil Code § 1788.2(f). Defendants engaged in acts or practices in connection with the collection of money, property or their equivalent which was alleged to be due and

10

COMPLAINT

owing to Santander, by reason of a consumer credit transaction entered into with plaintiff.

49.     Defendants violated the provisions of 15 U.S.C. § 1692f by using unfair or unconscionable means to collect an alleged debt, when they breached the peace during the repossession of plaintiff's vehicle. By violating the provisions of § 1692f, defendants violated the Rosenthal Act, at Civil Code § 1788.17, and plaintiff is entitled to the remedies set forth in 15 U.S.C. § 1692k.

50.     Defendants violated 15 U.S.C. § 1692f(6) of the FDCPA by taking nonjudicial action to effect dispossession or disablement of property when (1) there was no present right to possession of the property claimed as collateral through an enforceable security interest; and/or (2) the property was exempt by law from such dispossession or disablement. Defendants had no present right to repossess plaintiff's vehicle because they breached the peace by entering secured and gated private property to do so, in violation of Commercial Code § 9609 and the Collateral Recovery Act, Bus. & Prof. Code § 7508.2(d). By violating the provisions of 15 U.S.C. § 1692f(6)(A), defendants violated the Rosenthal Act, at Civil Code § 1788.17, and plaintiff is entitled to the remedies set forth in 15 U.S.C. § 1692k.

51.     As a proximate result of defendants' violations of the Rosenthal Act, plaintiff has been damaged in amounts that are subject to proof.

52.     Plaintiff is entitled to recover his actual damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

53.     Defendants' violations of the Rosenthal Act were willful and knowing. Plaintiff is entitled to recover statutory damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), or in the alternative, Civil Code § 1788.30(b).

54.     Plaintiff is entitled to recover his attorney's fees and costs pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the

11

1  alternative, Civil Code § 1788.30(c).

2       WHEREFORE, plaintiff prays for relief as set forth below.

3  ## SIXTH CLAIM FOR RELIEF

4  **(Against Solid Solutions and the Doe Defendants for Conversion)**

5       55.    Plaintiff realleges and incorporates herein by reference the allegations

6  of all paragraphs above.

7       56.    Plaintiff was entitled to immediate possession of his vehicle when it

8  was repossessed by defendants. Defendants wrongfully deprived plaintiff of

9  possession of his vehicle by repossessing it without any present right to do so, due to

10  their breach of the peace. Plaintiff has suffered and is entitled to recover damages

11  for defendants' conversion.

12       57.    Defendants acted with oppression, fraud or malice, within the meaning

13  of Civil Code § 3294, thereby entitling plaintiff to punitive damages in an amount

14  according to proof. Defendants' corporate officers, directors, or managing agents are

15  personally guilty of oppression, fraud or malice, had advance knowledge of the

16  unfitness of the employees who acted towards plaintiff with malice, oppression, or

17  fraud, employed such employees with conscious disregard for the rights or safety of

18  others, and/or themselves authorized or ratified the wrongful conduct.

19       WHEREFORE, plaintiff prays for relief as set forth below.

20  ## PRAYER FOR RELIEF

21       WHEREFORE, plaintiff prays for the following relief:

22       1.    For actual damages;

23       2.    For statutory damages;

24       3.    For punitive damages;

25       4.    For injunctive relief;

26       5.    For pre-judgment interest to the extent permitted by law;

27       6.    For an award of plaintiff's attorney's fees, costs and expenses incurred

28  in the investigation, filing and prosecution of this action; and

COMPLAINT

7.      For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury under the United States Constitution.

Dated: August 26, 2019

LAW OFFICES OF BRANDON A. BLOCK
A PROFESSIONAL CORPORATION

/s/ Brandon A. Block
Brandon A. Block

Attorneys for Plaintiff
JAYSON HAMILTON

---

13

COMPLAINT